UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EKUANTIA PTE, LTD,<br><br>    Plaintiff,<br><br>v.<br><br>JACK CHANG, et al.,<br><br>    Defendants. | Case No. 21-cv-09938-JCS<br><br>**ORDER GRANTING MOTION TO SET ASIDE DISMISSAL AND ENTER STIPULATED JUDGMENT**<br><br>Re: Dkt. No. 19 |

## I.    INTRODUCTION

Presently before the Court is Plaintiff's Motion to Set Aside Dismissal and Enter Stipulated Judgment ("Motion"). Defendants have not opposed the Motion and the deadline for filing an opposition has now passed. The Court finds that this motion is suitable for determination without oral argument and therefore vacates the motion hearing scheduled for September 16, 2022 pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion is GRANTED.

## II.    BACKGROUND

In this action, Plaintiff Ekuantia PTE, Ltd. ("Ekuantia") asserted claims for breach of contract and fraud against Defendants GIVE Corp and its president, Jack Chang, in connection with two written agreements between Ekuantia and GIVE Corp relating to the provision of white label services for Ekuantia. After both defendants failed to respond, the Clerk entered their defaults. Dkt. Nos. 10, 14. However, the parties entered into a settlement agreement on May 16, 2022, and the Court granted their stipulation to set aside the defaults, dismiss the action without prejudice, and retain jurisdiction to enforce the agreement for 180 days. Dkt. No. 18. In the parties' stipulation, they consented to the jurisdiction of the undersigned magistrate judge for all purposes. *Id.* at 2. The parties also stipulated to entry of judgment against Defendants in the

1   event Defendants defaulted on their payment obligations under the Settlement Agreement.  Dillon
2   Decl. ¶ 5 & Ex. C (Stipulation for Entry of Judgment).

3         Under the Settlement Agreement, Defendants were obligated to pay the full settlement
4   amount of $142,000 before August 1, 2022.  Dillon Decl. Ex. A (Settlement Agreement), Section
5   III.  According to Ekuantia's counsel, no payment has been made.  *Id.*  ¶ 9. Section V of the
6   Settlement Agreement provides that in the event Defendants fail to pay and/or make incomplete
7   payments and fail to cure within 5 business days of Ekuantia's notice to cure,  a 5% late fee will
8   be applied to the Settlement Amount (*i.e.*, $7,100) and Ekuantia will have the right to immediately
9   re-open the  case, file the Stipulation for Entry of Judgment, and have judgment entered against
10  Defendants for the sum of $142,000, plus late fees, interest (at an annual rate of 12% simple
11  interest) and attorney's fees,  less any amounts paid by Defendants pursuant to the Settlement
12  Agreement. Dillon Decl., Ex. A (Settlement Agreement), Section V.

13        Ekuantia notified Chang of Defendants' default on August 1, 2022 but Defendants have
14  not cured the default. Dillon Decl. ¶ 9 & Ex. D. Accordingly, Ekuantia asks the Court to enter the
15  Stipulated Judgment and award the settlement amount of $142,000, the late penalty of $7,100,
16  attorneys' fees incurred in bringing the instant motion in the amount of $1,050, and interest at a
17  daily rate of $49.02/day starting on August 8, 2022 (five business days after the settlement amount
18  was due).

19  **III.   ANALYSIS**
20      **A.   Legal Standard**
21        Pursuant to Federal Rule of Civil Procedure 60(b)(6), the Court may relieve parties "from a
22  final judgment, order, or proceeding" for any "reason justifying relief from the operation of the
23  judgment." "Repudiation of a settlement agreement that terminated litigation pending before a
24  court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal
25  order." *Keeling v. Sheet Metal Workers Int'l Ass'n Local Union*, 162, 937 F.2d 408, 410 (9th Cir.
26  1991).  "Further, 'in the usual litigation context . . . courts have inherent power summarily to
27  enforce a settlement agreement with respect to an action pending before it; the actual merits of the
28  controversy become inconsequential.'" *Yelp Inc. v. Herzstock*, No. 15CV00693PSGLHK, 2018

WL 10638325, at *3 (N.D. Cal. Mar. 6, 2018), aff'd, 788 F. App'x 529 (9th Cir. 2019) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978)).

### B.    Discussion

Ekuantia has demonstrated that it is entitled to relief under Rule 60(b), having provided evidence that Defendants have failed to abide by the terms of the Settlement Agreement and have not cured the default after being given notice pursuant to the terms of that agreement.  Further, except with respect to the application of the interest rate provision of the Settlement Agreement, the Court finds that the amounts sought in the Motion are consistent with the Settlement Agreement and that the amount requested in attorneys' fees is reasonable.  According to the Dillon Declaration, counsel – who is a managing partner of his firm with 26 years of experience – charges $345/hour for his time and spent 2.5 hours on the motion; his assistant, who is a paralegal, spent 1.5 hours, billing at a rate of $125/hour.  Based on the Court's experience, these rates are reasonable, as is the time spent on the Motion. The Court reduces the daily interest rate to $46.68/day, however, because the language of the Settlement Agreement appears to provide for interest on the unpaid settlement amount only.  Dillon Decl., Ex. A (Settlement Agreement), Section V.C. ("Late payments will also incur 12% annual simple interest from the date due until paid.")  It appears that Ekuantia has applied the 12% interest rate to the underlying settlement amount of $142,000 plus the $7,100 late penalty.  Therefore, the Court awards $980.28 in interest.

### IV.    CONCLUSION

For the reasons stated above, the Motion is GRANTED, the dismissal without prejudice shall be set aside, and judgment shall be entered against Defendants GIVE Corp and Jack Chang in the amount of $151,130.28.  The Clerk is instructed to enter judgment against Defendants consistent with this decision.

**IT IS SO ORDERED.**

Dated:  August 29, 2022

JOSEPH C. SPERO
Chief Magistrate Judge